UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
LISA CASTAGNA and ANTHONY PENNINGTON,
on behalf of themselves and all others similarly situated,

                                    Plaintiffs,

- against -

HAMPTON CREEK, INC.,

                                    Defendant.
-------------------------------------------------------------------- X

Case No.: 16 Civ. 760 (SJF) (AYS)

## STIPULATION, TOLLING AGREEMENT, AND *[PROPOSED]* ORDER REGARDING PRE-MEDIATION SCOPE OF DISCOVERY AND MEDIATION

Plaintiffs and Defendant, by and through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, Plaintiffs commenced this suit, bringing claims under the Fair Labor Standards Act ("FLSA"), as a collective action, and under the New York Labor Law ("NYLL"), in the United States District Court for the Eastern District of New York;

WHEREAS, Plaintiffs allege they were employed by Defendant as relationship specialists, and seek to represent a collective action comprised of similarly situated workers under the FLSA and NYLL;

WHEREAS, instead of expending resources litigating Plaintiffs' anticipated motion for collective action notice pursuant to 29 U.S.C. § 216(b), the parties, without prejudice to Defendant's right to challenge collective action certification at a later date, the parties have agreed to explore a potential resolution of this case, potentially through private mediation, and to that end have agreed to a set of targeted discovery they will need in order to sufficiently evaluate the collective claims and Defendant's defenses as set forth below.

NOW THEREFORE IT IS STIPULATED AND AGREED AS FOLLOWS:

1. Defendant's time to answer, move or otherwise respond to Plaintiffs' Complaint be and hereby is extended through and including August 12, 2016;

2. No statute of limitations on any claims asserted in this Action under the FLSA shall run against any individual who worked for Defendant as a relationship specialist within the last 3 years (hereinafter "putative collective action members"), and the same shall be tolled during the period from the date this Stipulation is submitted to the Court, until 14 days after any party gives written notice of cancellation of this tolling provision to the other party. Termination of this tolling provision does not eliminate or otherwise affect the tolling accomplished under this Paragraph.

3. The parties shall participate in discovery targeted to illuminate the claims and defenses in this case. This discovery shall be completed on or before May 2, 2016. Following the completion of discovery, parties shall discuss whether mediation is appropriate. In connection with this targeted discovery plan and anticipated further discussions regarding mediation, the parties jointly request that the Court not set a firm discovery deadline in this matter, and instead schedule a status conference for the third week of August 2016. Both parties expressly reserve the right to request any and all further discovery to which they might be entitled absent this Stipulation;

4. This targeted discovery shall be limited to:

   a. Plaintiffs and opt-in Plaintiffs shall produce all documents that are in their possession relating to Defendant's alleged misclassification of relationship specialists as exempt from overtime provisions of the FLSA and NYLL as well as documents relating to off-the-clock work;

   b. Defendant shall produce summary data that is in its possession for all Plaintiffs and opt-in Plaintiffs showing reported dates of service, reported hours worked, and payment history (including incentive payments, if any), as well as production of the entire files in its possession (i.e., invoices, W-9s and 1099s) for each of the named Plaintiffs and all of the opt-in Plaintiffs; and

   c. Defendant shall produce summary data for putative collective action members that is in its possession in a format whereby the putative collective action members shall remain anonymous, showing reported dates of service, reported hours worked, and payment history (including incentive payments, if any).

7. To the extent the parties agree to engage in mediation, the parties shall equally share the cost of the mediator's fee, if any.

Skadden, Arps, Slate Meagher & Flom LLP
*Attorneys for Defendant*

By: _____
David E. Schwartz, Esq.

Date: April 1, 2016

Shulman Kessler, LLP
*Attorneys for Plaintiffs and the Putative FLSA Collective Action*

By: _____
Troy L. Kessler, Esq.

Date: April 1, 2016


SO ORDERED THIS ___ DAY OF _____, 2016.

_____
Hon. Sandra J. Feuerstein
United States District Judge