# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into between and among Hampton Creek, Inc. ("Defendant"), and Lisa Castagna and Anthony Pennington ("Named Plaintiffs") and Chelsea Conlin, Karen V. James, Nanette Nuvolone, Robinson Dene Pohakuloa Vought, Anandini Maharaj, Laila R. Slot, Rebecca Templeton-Gement, Andrew J. Sirico, who have opted in to this action pursuant to 29 U.S.C. § 216(b) ("Opt-in Plaintiffs"). Named Plaintiffs and Opt-In Plaintiffs are referred to collectively as "Plaintiffs" and singularly as a "Plaintiff." Defendant and Plaintiffs are referred to collectively as the "Parties" and singularly as a "Party."

## RECITALS

WHEREAS, on February 12, 2016, Named Plaintiffs filed a Collective Action Complaint against Defendant asserting claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL") on behalf of themselves and all others similarly situated, captioned *Castagna, et al. v. Hampton Creek, Inc.*, No. 16 Civ. 760 in the U.S. District Court for the Eastern District of New York (the "Litigation");

WHEREAS, Defendant denies Plaintiffs' allegations;

WHEREAS, the Parties engaged in arm's-length negotiations since March 2016;

WHEREAS, on April 11, 2016, the Honorable Sandra J. Feuerstein, U.S.D.J., So Ordered the Parties' Stipulation, Tolling Agreement, and Order Regarding Pre-Mediation Scope Of Discovery and Mediation;

WHEREAS, the Parties engaged in discovery, including Plaintiffs' production of over 2,500 pages of emails, payment records, program instruction documents, and other relevant materials, and Defendant's production of time entry and expense report records ;

WHEREAS, on August 2, 2016, the Honorable Sandra J. Feuerstein, U.S.D.J., So Ordered the Parties' Stipulation and Order for Extension of Time to Answer, to facilitate discovery and settlement discussions;

WHEREAS, the Parties appeared before the Honorable Sandra J. Feuerstein, U.S.D.J., on four occasions (June 16, 2016, June 30, 2016, July 18, 2016, and September 7, 2016) to discuss the case and/or update the Court on the Parties progress of reaching a settlement;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims (as defined below) that Plaintiffs have or may have against Defendant; and

WHEREAS, the Parties' respective counsel have analyzed and evaluated the merits of Plaintiffs' claims and Defendant's defenses to those claims, and based upon that analysis and evaluation, and recognizing the substantial risks of continued litigation, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the Parties' best interest.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

## AGREEMENT

1. **DEFINITIONS**   The terms set forth below shall be defined as follows:

    **1.1.**   **Agreement**. The "Agreement" refers to this Settlement Agreement and Release and any attachments to it.

    **1.2.**   **Court**. The "Court" refers to the Honorable Sandra J. Feuerstein, U.S.D.J., of the Eastern District of New York.

    **1.3.**   **Defendant**. "Defendant" means Hampton Creek, Inc.

    **1.4.**   **Defendant's Counsel**. "Defendant's Counsel" means David E. Schwartz, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036.

    **1.5.**   **Individual Settlement Benefit**. "Individual Settlement Benefit" means the specific amount allocated to each individual Plaintiff as that Plaintiff's portion of the Negotiated Settlement Payment.

    **1.6.**   **Litigation**. The "Litigation" refers to the lawsuit captioned *Castagna, et al. v. Hampton Creek, Inc.*, No. 16 Civ. 760 (SJF) (AYS) (E.D.N.Y.).

    **1.7.**   **Negotiated Settlement Payment**. "Negotiated Settlement Payment" means the $70,000.00 Defendant agrees to pay to settle the Litigation.

    **1.8.**   **Plaintiffs.**   "Plaintiffs" mean Lisa Castagna and Anthony Pennington ("Named Plaintiffs") and Chelsea Conlin, Karen V. James, Nanette Nuvolone, Robinson Dene Pohakuloa Vought, Anandini Maharaj, Laila R. Slot, Rebecca Templeton-Gement, Andrew J. Sirico, who have opted in to this action pursuant to 29 U.S.C. § 216(b) ("Opt-in Plaintiffs").

    **1.9.**   **Plaintiffs' Counsel**. "Plaintiffs' Counsel" means Troy L. Kessler, Marijana Matura, and Garrett Kaske of Shulman Kessler, LLP, 534 Broadhollow Road, Suite 275, Melville, New York 11747.

    **1.10.**   **Parties**. "Parties" means and refers to the Plaintiffs and Defendant.

    **1.11.**   **Settlement**. "Settlement" means the terms of the settlement of the Litigation, which are embodied fully in this Agreement.

    **1.12.**   **Settlement Approval Motion**. "Settlement Approval Motion" refers to Plaintiffs' anticipated Motion for Settlement Approval.

## 2. SETTLEMENT PAYMENTS

### 2.1. Negotiated Settlement Payment and Distribution to Plaintiffs.

a. Defendant agrees to pay the Negotiated Settlement Payment of Seventy Thousand Dollars ($70,000.00) for the purpose of settling the Litigation.

b. No later than thirty (30) days after the Court grants Plaintiffs' Settlement Approval Motion, Defendant shall deliver to Plaintiffs' Counsel the Negotiated Settlement Payment as allocated to Plaintiffs and Plaintiffs' Counsel pursuant to Section 2.2, Section 2.3, and the schedule in Exhibit A. The payments shall consist of:

    i. Subject to receipt of a Form W-9, one check payable to Shulman Kessler LLP, representing attorneys' fees and costs as set forth in Section 2.2 and in the payment schedule in Exhibit A; and

    ii. Subject to receipt of a Form W-9 for each Plaintiff, one check payable to each Plaintiff in the gross amount set forth in the payment schedule in Exhibit A.

c. Each Plaintiffs' gross Individual Settlement Benefit is based on the number of weeks that he or she claims to have provided services for Defendant, as calculated by Plaintiffs' Counsel. Plaintiffs' Counsel calculated the weeks in which services were provided to Defendant during the relevant time period according to the records and information the Parties exchanged during the Litigation. Each Plaintiff was awarded (a) one point for each week allegedly covered by the NYLL and (b) four points for each week in which that Plaintiff (1) was allegedly covered by the FLSA and (2) recorded at least four days of service. Each Plaintiff's total points were then divided by the total points for all Plaintiffs, thereby arriving at Plaintiff's proportional share of the settlement fund. That proportional share was then multiplied by the Negotiated Settlement Payment, less attorneys' fees and costs. The gross Individual Settlement Benefit each Plaintiff will receive is listed in Exhibit A.

### 2.2. Settlement Amounts Payable As Attorneys' Fees And Costs.

a. From the Negotiated Settlement Payment, and subject to the Court's approval, Plaintiffs' Counsel shall receive $23,620.97, constituting attorneys' fees in the amount of $23,189.48 and costs in the amount of $431.49.

b. The Parties agree that the issue of attorneys' fees and costs is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the Settlement. The outcome of Plaintiffs' Counsel's motion for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the adequacy of the Settlement. Any reduction in the attorneys' fees and costs shall be allocated to Plaintiffs and shall not revert to Defendant.

### 2.3. Taxes.

a. The payments to Plaintiffs under Section 2.1 and Exhibit A shall be made without withholding any taxes and shall be reported by Defendant to the Internal Revenue Service

("IRS") and the payee under the payee's name and social security number on an IRS Form 1099. Each Plaintiff shall provide a completed and executed Form W-9 within ten (10) days after Defendant executes this Agreement

      b.     Payments of attorneys' fees and costs pursuant to Section 2.2 shall be made without withholding any taxes and reported by Defendant to the IRS and the payee under the payee's name and taxpayer identification number on an IRS Form 1099. Plaintiffs' Counsel shall provide a completed and executed Form W-9 within ten (10) days after Defendant executes this Agreement.

      c.     Plaintiffs acknowledge and agree that they have not relied upon any advice from Defendant's Counsel or Defendant as to the taxability of the payments received pursuant to this Agreement.

## 3.  COURT APPROVAL

**3.1.  Settlement Approval Motion**. Plaintiffs' Counsel shall submit this Agreement for approval to the Court within seven (7) days from the execution of this Agreement by all of the Parties in Plaintiffs' Settlement Approval Motion. Plaintiffs shall simultaneously move for approval of attorney's fees and costs in that motion. The Parties shall submit an executed Stipulation of Dismissal with Prejudice and [Proposed] Order in the form attached to this Agreement as Exhibit B to the Court as an exhibit to the Settlement Approval Motion.

**3.2.  Denial of Motion**.

      a.     In the event that the Court denies approval of this Agreement, this Agreement shall remain in full effect for twenty-one (21) days following the Court's order. During this twenty-one (21) day period, the Parties shall use reasonable efforts to negotiate an amendment to this Agreement that is in accordance with the Court's order.

      b.     If the Parties do not negotiate an amendment to this Agreement within twenty-one (21) days after the Court's order, it shall be deemed null, void, and unenforceable. Each Party shall retain all of their respective rights as they existed prior to execution of this Agreement.

## 4.  RELEASES

**4.1.  Claims Released by Plaintiffs.** In exchange for the Negotiated Settlement Payment set forth in Section 2 of this Agreement, and other valuable consideration set forth elsewhere in this Agreement to which Plaintiffs are not otherwise entitled, each Plaintiff for himself or herself, and his or her spouse and family, attorneys, agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasors"), knowingly, voluntarily, and with the advice of counsel, fully and forever releases, waives, and discharges the Defendant, its present or former officers, directors, subsidiaries, affiliates, service providers, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, predecessors, successors and assigns (collectively, the "Releasees"), from any and all rights, claims, charges, actions, causes of action, complaints, sums of money, suits, debts, covenants, contracts, agreements, promises, obligations, damages, demands, or liabilities, in law or in equity (collectively,

"Claims") which Plaintiff or his or her heirs, executors, administrators, successors or assigns ever had, now has or may hereafter claim to have by reason of any matter, cause or thing whatsoever: (i) arising out of or related to the services provided by Plaintiff to Defendant, including, but not limited to (A) any such Claims relating in any way to the services Plaintiff provided to Defendant or any other Releasees, (B) any such Claims arising under the FLSA, the NYLL, or any other wage payment law, and (C) any such Claims arising under any federal, local, or state statute or regulation, including, without limitation, the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the New York State Human Rights Law, the New York State Correction Law, the New York State Civil Rights Law, Section 125 of the New York Workers' Compensation Law, the New York City Human Rights Law, each as amended and including each of their respective implementing regulations and/or any other federal, state, local, or foreign law (statutory, regulatory or otherwise) that may be legally waived and released; (ii) relating to wrongful employment termination; or (iii) arising under or relating to any policy, agreement, understanding, or promise, written or oral, formal or informal, between Defendant and any other Releasees and Plaintiff (collectively, the "Released Claims").

**4.2.** **Non-Admission of Liability.** By entering into this Agreement, Defendant in no way admits any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied. Rather, Defendant enters into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

**4.3.** **Complete Relief.** The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, and only to the extent such right cannot be waived, to file or participate in an investigative proceeding of any federal, state, or local governmental agency, but no Plaintiff may seek any monetary damages, relief, or recovery in such a proceeding.

## 5. ACKNOWLEDGMENTS & REPRESENTATIONS

**5.1.** **Fair and Reasonable Settlement.** The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation. The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

## 6. MISCELLANEOUS

**6.1.** **Entire Agreement.** This Agreement and all attachments, constitutes the entire Agreement between the Parties. All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

**6.2.** **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties.

**6.3.** **Arm's Length Transaction; Materiality of Terms.** The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized counsel. No term of this Agreement will be construed against either Party, as this entire Agreement is the result of arm's-length negotiations between the parties. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**6.4.** **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**6.5.** **Construction.** The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any drafting Party.

**6.6.** **Governing Law.** This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New York, without regard to choice of law principles, to create a full and complete settlement and waiver of claims. To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein (as well as the above Recitals, which have been incorporated fully).

**6.7.** **Amendment.** This Agreement may not be modified, altered, or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement.

**6.8.** **Effective Date.** This Agreement shall become effective following its execution by all of the Parties.

**6.9.** **Attorney's Fees and Costs.** Except as specifically provided in Section 2.2 of the Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Litigation.

**6.10.** **Severability.** In the event that any provision of this Agreement or the application thereof should be held to be void, voidable, unlawful or, for any reason, unenforceable, the remaining portion and application shall remain in full force and effect, and to that end the provisions of this Agreement are declared to be severable.

**6.11.** **Continued Jurisdiction.** The Court retains jurisdiction of the Litigation as necessary to enforce the terms of this Agreement.

**6.12.** **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed as an original but all of which shall constitute one and the same instrument. Signature pages may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign). The executed signature pages may be delivered using facsimile or electronic means, including pdf or similar file type transmitted via email, cloud-based server, or e-signature technology.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and Release as of the date(s) set forth below:

## PLAINTIFFS

_____
Lisa Castagna

Date:_____

_____
Chelsea Conlin

Date:_____

_____
Nanette Nuvolone

Date:_____

_____
Anandini Maharaj

Date:_____

_____
Rebecca Templeton-Gement

Date:_____

_____
Anthony Pennington

Date:_____

_____
Karen V. James

Date:_____

_____
Robinson Dene Pohakuloa Vought

Date:_____

_____
Laila R. Slot

Date:_____

_____
Andrew J. Sirico

Date:_____

## DEFENDANT

_____
Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.

Date:_____ October 5, 2016 _____

DocuSign Envelope ID: A223CECA-0689-4706-B18C-FBC704C44235

## PLAINTIFFS

DocuSigned by:

*Lisa Castagna*

5B4492927D8345E

Lisa Castagna

Date: 10/5/2016

Anthony Pennington

Date:_____

Chelsea Conlin

Date:_____

Karen V. James

Date:_____

Nanette Nuvolone

Date:_____

Robinson Dene Pohakuloa Vought

Date:_____

Anandini Maharaj

Date:_____

Laila R. Slot

Date:_____

Rebecca Templeton-Gement

Date:_____

Andrew J. Sirico

Date:_____

## DEFENDANT

Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.

Date: October 5, 2016

DocuSign Envelope ID: 88F82887-60FD-4B79-98AD-AEDC4B017361

**PLAINTIFFS**

_____          _____
Lisa Castagna                                                    Anthony Pennington


Date:_____          Date:_____

_____          _____
Chelsea Conlin                                                  Karen V. James


Date:__10/5/2016_____          Date:_____

_____          _____
Nanette Nuvolone                                            Robinson Dene Pohakuloa Vought


Date:_____          Date:_____

_____          _____
Anandini Maharaj                                            Laila R. Slot


Date:_____          Date:_____

_____          _____
Rebecca Templeton-Gement                          Andrew J. Sirico


Date:_____          Date:_____

**DEFENDANT**

_____
Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.


Date:_____October 5, 2016_____

DocuSign Envelope ID: AA63F697-852A-43A7-A2B3-FAA85E049EAC

## PLAINTIFFS

_____          _____
Lisa Castagna                    Anthony Pennington


Date:_____         Date:_____


_____          _____
Chelsea Conlin                   Karen V. James


Date:_____         Date:_____


_____          _____
Nanette Nuvolone                 Robinson Dene Pohakuloa Vought


Date:_____         Date:_____


_____          _____
Anandini Maharaj                 Laila R. Slot


Date:_____         Date:_____

_____          _____
Rebecca Templeton-Gement         Andrew J. Sirico


Date:___10/5/2016_____      Date:_____

## DEFENDANT

_____
Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.


Date:_____October 5, 2016_____

DocuSign Envelope ID: F6F15293-4639-4D73-A172-42F6721C5303

## PLAINTIFFS

Lisa Castagna

Date:_____

Anthony Pennington

Date:_____

*karen James*
C30CCE64C6F64S7...

Chelsea Conlin

Date:_____

Karen V. James

10/5/2016
Date:_____

Nanette Nuvolone

Date:_____

Robinson Dene Pohakuloa Vought

Date:_____

Anandini Maharaj

Date:_____

Laila R. Slot

Date:_____

Rebecca Templeton-Gement

Date:_____

Andrew J. Sirico

Date:_____

## DEFENDANT

*Axel Martinez*

Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.

Date:_____ October 5, 2016 _____

DocuSign Envelope ID: 4BBA809D-65CF-407F-84B6-419499A127C1

## PLAINTIFFS

_____
Lisa Castagna

Date:_____


_____
Chelsea Conlin

Date:_____


_____
Nanette Nuvolone

Date:_____

DocuSigned by:

*Anandini Maharaj*
C682E33D2FBC448...
Anandini Maharaj

Date: 10/5/2016
_____


_____
Rebecca Templeton-Gement

Date:_____

_____
Anthony Pennington

Date:_____


_____
Karen V. James

Date:_____


_____
Robinson Dene Pohakuloa Vought

Date:_____


_____
Laila R. Slot

Date:_____


_____
Andrew J. Sirico

Date:_____

## DEFENDANT

*Axel Martin*
_____
Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.

Date:_____October 5, 2016_____

DocuSign Envelope ID: 28CC3218-1BB1-46B2-A8D5-90810556F9D3

## PLAINTIFFS

---

Lisa Castagna

Date:_____

---

Chelsea Conlin

Date:_____

*DocuSigned by:*

**NANETTE NUVOLONE**

*2075741AE4DE478...*

Nanette Nuvolone

Date:_10/5/2016_____

---

Anandini Maharaj

Date:_____

---

Rebecca Templeton-Gement

Date:_____

---

Anthony Pennington

Date:_____

---

Karen V. James

Date:_____

---

Robinson Dene Pohakuloa Vought

Date:_____

---

Laila R. Slot

Date:_____

---

Andrew J. Sirico

Date:_____

## DEFENDANT

---

Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.

Date:_____October 5, 2016_____

DocuSign Envelope ID: 0910B967-A613-4721-B4CC-401B07BC1E99

## PLAINTIFFS

_____
Lisa Castagna

Date:_____


DocuSigned by:

_____
E2CD61F8D83D4E3...
Anthony Pennington

Date:_____10/6/2016_____


_____
Chelsea Conlin

Date:_____


_____
Karen V. James

Date:_____


_____
Nanette Nuvolone

Date:_____


_____
Robinson Dene Pohakuloa Vought

Date:_____


_____
Anandini Maharaj

Date:_____


_____
Laila R. Slot

Date:_____


_____
Rebecca Templeton-Gement

Date:_____


_____
Andrew J. Sirico

Date:_____

## DEFENDANT

_____
Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.

Date:_____October 5, 2016_____

DocuSign Envelope ID: 3BB2D43D-A869-424B-81DD-2BF651817168

## PLAINTIFFS

_____
Lisa Castagna

Date:_____


_____
Chelsea Conlin

Date:_____


_____
Nanette Nuvolone

Date:_____


_____
Anandini Maharaj

Date:_____


_____
Rebecca Templeton-Gement

Date:_____

_____
Anthony Pennington

Date:_____


_____
Karen V. James

Date:_____


_____
Robinson Dene Pohakuloa Vought

Date:_____


_____
Laila R. Slot

Date:_____


_____
Andrew J. Sirico

10/5/2016
Date:_____

## DEFENDANT

_____
Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.

Date:_____ October 5, 2016 _____

DocuSign Envelope ID: B563A6B3-81D3-4C14-97A7-83F04BD3FC14

## PLAINTIFFS

_____          _____
Lisa Castagna                      Anthony Pennington

Date:_____          Date:_____


_____          _____
Chelsea Conlin                     Karen V. James

Date:_____          Date:_____


_____          _____
Nanette Nuvolone                   Robinson Dene Pohakuloa Vought

Date:_____          Date:_____

                                   DocuSigned by:
                                   _Laila Slot_
_____          9B4BG060D6AA450...
Anandini Maharaj                   Laila R. Slot

                                        10/6/2016
Date:_____          Date:_____


_____          _____
Rebecca Templeton-Gement           Andrew J. Sirico

Date:_____          Date:_____

### DEFENDANT

_____
Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.


Date:_____October 5, 2016_____

**PLAINTIFFS**

_____          _____
Lisa Castagna                      Anthony Pennington

Date:_____           Date:_____


_____          _____
Chelsea Conlin                     Karen V. James

Date:_____           Date:_____

                                   Robinson Vought
                                   4BAE64F95191478...
_____          _____
Nanette Nuvolone                   Robinson Dene Pohakuloa Vought

                                        10/6/2016
Date:_____           Date:_____


_____          _____
Anandini Maharaj                   Laila R. Slot

Date:_____           Date:_____


_____          _____
Rebecca Templeton-Gement           Andrew J. Sirico

Date:_____           Date:_____

**DEFENDANT**

_____
Axel Martinez, Chief Financial Officer
for Defendant Hampton Creek, Inc.

Date:_____October 5, 2016_____

**EXHIBIT A**

| No. | Plaintiff | Total Individual Settlement Benefit |
|-----|-----------|------------------------------------|
| | Shulman Kessler LLP | $23,620.97 |
| 1. | Lisa Castagna | $10,352.77 |
| 2. | Anthony Pennington | $8,233.58 |
| 3. | Chelsea Conlin | $3,196.16 |
| 4. | Karen V. James | $5,141.64 |
| 5. | Nanette Nuvolone | $5,419.57 |
| 6. | Robinson Dene Pohakuloa Vought | $694.82 |
| 7. | Anandini Maharaj | $694.82 |
| 8. | Laila R. Slot | $5,836.46 |
| 9. | Rebecca Templeton-Gement | $3,196.16 |
| 10. | Andrew J. Sirico | $3,613.05 |
| **TOTAL** | | **$70,000.00** |

1

# **EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
LISA CASTAGNA and ANTHONY PENNINGTON,   :
  on behalf of themselves and all others similarly situated, :
                                                             :   Case No.: 16 Civ. 760 (SJF) (AYS)
                                        Plaintiffs,          :
                                                             :
            - against -                                      :
                                                             :
                                                             :
HAMPTON CREEK, INC.,                                         :
                                                             :
                                        Defendant.           X
------------------------------------------------------------

### STIPULATION AND [*PROPOSED*] ORDER OF DISMISSAL WITH PREJUDICE

The parties in the above-captioned action, through their undersigned counsel, stipulate and agree as follows:

1.      No party hereto is an infant or incompetent person for whom a committee has been appointed and no non-party has an interest in the subject matter of the action.

2.      The Settlement Agreement and Release is fair and reasonable, and adequate to redress both Plaintiffs' claims in this action and to compensate Plaintiffs' Counsel on their request for attorney's fees and costs.

3.      In accordance with Rule 41 of the Federal Rules of Civil Procedure and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Parties respectfully request that this action be dismissed with prejudice and without costs or attorneys' fees (other than those costs and attorneys' fees specified in the Settlement Agreement and Release) as to all claims against Defendant with each party to bear its own fees and costs.

Skadden, Arps, Slate Meagher & Flom LLP
*Attorneys for Defendant*

By: _____
        David E. Schwartz, Esq.

Date: _October 17, 2016_____

Shulman Kessler, LLP
*Attorneys for Plaintiffs*

By: _____
        Troy L. Kessler, Esq.

Date: _Oct. 10, 2016_____


SO ORDERED THIS ___ DAY OF _____, 2016.

_____
        Hon. Sandra J. Feuerstein
        United States District Judge

2