```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LISA CASTAGNA and ANTHONY
PENNINGTON, on behalf of themselves and all
others similarly situated,
                                                                ORDER
                              Plaintiffs,                       16-cv-760 (SJF)(AYS)
        -against-

HAMPTON CREEK, INC.,

                              Defendant.
-----------------------------------------------------------X
```

FILED
CLERK

12/6/2016

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**FEUERSTEIN, District Judge:**

Plaintiffs Lisa Castagna and Anthony Pennington (together, "Plaintiffs") commenced this action against Defendant Hampton Creek, Inc. ("Defendant"), on behalf of themselves and all others similarly situated, seeking to recover: (i) unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq.*; and (ii) damages for Defendant's alleged violations of the NYLL's notice and record keeping provisions. *See* Docket Entry ("DE") [1]. Presently before the Court is the parties' joint application seeking approval of a Settlement Agreement and Release (the "Settlement Agreement"). DE [24]. For the reasons set forth herein, the parties' joint application is denied.

Pursuant to the FLSA, parties cannot enter into a private settlement agreement and stipulate to dismissal of their case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) without approval of the Court or the United States Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (requiring that the district court review an FLSA settlement agreement to ensure that it is fair and reasonable). The district court is required to scrutinize "FLSA settlements to ensure that they are

1

fair and reasonable . . . ." *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015). Relevant here, courts decline to approve FLSA settlement agreements "that would 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues . . . .'" *Cheeks*, 796 F.3d at 206 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)); *see also Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15-CV-2588, 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7, 2016) ("[I]n the context of a typical FLSA case, an employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled.") (internal quotation and alteration omitted).

Section 4.1 of the Settlement Agreement (the "Release Provision"), titled "Claims Released by Plaintiffs," is too broad to be considered fair and reasonable. *See* Settlement Agreement, DE [24-2], § 4.1. The Release Provision requires that Plaintiffs release any and all claims: "(i) arising out of or related to the services provided by Plaintiff[s] to Defendant . . .; (ii) relating to wrongful employment termination; or (iii) arising under or relating to any policy, agreement, understanding, or promise . . . ." *Id.* The Settlement Agreement further specifies that such claims include, without limitation, claims arising under "the Americans with Disabilities Act of 1990, the Employee Retirement Income Security Act of 1974, the New York State Human Rights Law, the New York State Correction Law, the New York State Civil Rights Law, [and] Section 125 of the New York Workers' Compensation Law," as well as claims arising under "any other federal, state, local, or foreign law . . . that may be legally waived and released." *Id.* By requiring that Plaintiffs release practically all claims, including claims arising under theories of liability not alleged in this action, the Settlement Agreement's Release Provision is "far too sweeping to be fair and reasonable."

*Alvarez v. Michael Anthony George Constr. Corp.*, No. 11-CV-1012, 2015 WL 3646663, at *2 (E.D.N.Y. June 10, 2015); *see also Batres v. Valente Landscaping Inc.*, No. 14-CV-1434, 2016 WL 4991595, at *3 (E.D.N.Y. Sept. 15, 2016) (declining to approve a settlement agreement that would release "claims arising under theories of liability not alleged in the instant action"); *Francis v. Bowery Residents' Comm., Inc.*, No. 15 Civ. 7102, 2016 WL 4120500, at *1 (S.D.N.Y. July 14, 2016) (holding that a release provision was overly broad where it required that the plaintiffs release claims "wholly unrelated to FLSA actions, including claims that arise under the Americans with Disabilities Act, contract claims, and tort claims").  Therefore, the Court declines to approve the Settlement Agreement in its current form.

Based on the foregoing, the parties' joint application is denied.  On or before December 16, 2016, the parties shall submit a revised settlement agreement consistent with the instant Order, or, in the alternative, a letter advising the Court that they intend to proceed with litigating this action.

Dated: Central Islip, New York  **SO ORDERED.**
December 6, 2016

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge